**Date Signed:**
**March 25, 2026**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>LINCOLN HIAPO TEJADA,<br><br>Debtor. | Case No.: 25-00498<br>Chapter 13<br><br><br>Related: ECF 51 |

## MEMORANDUM OF DECISION
## ON APPLICATION FOR COMPENSATION

### I.      Background

The chapter 13 debtor and his attorneys entered into the court's

standard Chapter 13 Rights, Responsibilities and Fee Agreement.[1] The

attorneys agreed to perform specified services in return for a "presumptive

---

[1] ECF 8.

1

fee" of $5,650. The services covered by the presumptive fee include "necessary motions to buy, sell, or refinance real property" filed before the one-year anniversary of plan confirmation.[2]

The court confirmed the plan on October 3, 2025.

The debtor filed two motions to approve sales of separate real properties before the one-year anniversary of plan confirmation.[3] The court granted both motions,[4] and both sales closed.[5]

The debtor's attorney filed an application seeking compensation of $7,800.67.[6] The trustee objected on the ground that the amount of compensation exceeded the presumptive fee that the attorney had agreed to accept.[7]

At the February 3, 2026, hearing on the application, the debtor's attorney argued that the presumptive fee covered only one motion to approve a sale and that the attorney is entitled to additional fees for filing

[2] ECF 8 at 4, 6.
[3] ECF 27, 40.
[4] ECF 38, 48.
[5] ECF 54, 55.
[6] ECF 51.
[7] ECF 53.

2

U.S. Bankruptcy Court - Hawaii   #25-00498   Dkt # 67   Filed  03/25/26   Page 2 of 4

more than one such motion. He offered to file an amended application "removing time entries for the sale of the first property in light of the original election of the [presumptive] fee." The court allowed counsel to file the amended application and observed that the court "[hadn't] thought of the situation where a plan contemplated one sale and then a second one is done later. So I want to take a look at that."[8] The court set the matter for a continued hearing on March 24, 2026.

The debtor's attorney did not file an amended application. Instead, counsel orally offered to reduce the request by a modest amount to reflect the time spent on the first sale motion. The court took the matter under advisement.

## II.    Discussion

The presumptive fee covers "necessary motions" to sell property in the first year after plan confirmation. The use of the plural makes clear that the presumptive fee covers more than one such motion.

---

[8] At the second hearing on the application, the trustee's counsel said that, at the first hearing, the court agreed that the presumptive fee does not include two or more motions to approve sale. Counsel's recollection is incorrect.

3

Counsel correctly pointed out that the plan contemplated the sale of only one property. But the presumptive fee is not limited to sales that the plan contemplates. Any motions to approve sale filed in the first year are covered.

### III. Conclusion

Therefore, the application is DENIED. Counsel is not entitled to compensation for filing the motions to approve sale in addition to the amount that the court has already approved.[9]

**END OF ORDER**

---

[9] ECF 26.

U.S. Bankruptcy Court - Hawaii  #25-00498  Dkt # 67  Filed  03/25/26  Page 4 of 4